J. Blake Mayes (No. 024159)
Edward G. Hamel (No. 036364)
**MAYESTELLES PLLC**
3636 North Central Avenue, Suite 1000
Phoenix, Arizona 85012-1927
Telephone:  602.714.7900
hamel_courts@mayestelles.com
*Attorneys for Movant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel R. M. Arroyo | No. |
| Movant, | **RULE 41(g) MOTION FOR RETURN OF PROPERTY** |
| v. | |
| U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives; United States of America; Steven M. Dettelbach, Director Bureau of Alcohol, Tobacco, Firearms and Explosives, in his official capacity; Patrick Sean Sander, Special Agent, in his official capacity | |
| Respondents. | |

**RULE 41(g) MOTION FOR RETURN OF PROPERTY**

This motion for return of property challenges the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives' ("ATF") ongoing seizure of two (2) Browning Firearms, belonging to Mr. Daniel Arroyo. *See* Fed. R. Crim. P. 41(g).

On April 19, 2022, ATF Special Agent Patrick Sean Sander seized Mr. Arroyo's property, from the Peoria Pawn shop, located at 6750 West Olive Avenue, #109, Peoria, Arizona. Peoria Pawn is a federally licensed firearms dealer (FFL) with whom Mr. Arroyo entered into an agreement to receive shipment of the subject firearms, in compliance of the Gun Control Act of 1968, as amended, from an out-of-state seller.

Although, ATF seized Mr. Arroyo's property on April 19, 2022, Mr. Arroyo was neither arrested nor charged with any crime. Instead, ATF used civil forfeiture laws to seize Mr. Arroyo's property. *See* Exhibit 2, (Notice of Seizure, dated May 31, 2022). ATF continues to hold Mr. Arroyo's property without filing a complaint to forfeit the property

or charging Mr. Arroyo with any crime, in violation of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA").

CAFRA requires the government to return seized property, initiate civil forfeiture proceedings, or initiate criminal proceedings within 90 days of the date on which the seizing agency received the property owner's demand for federal court proceedings. 18 U.S.C. § 983(a)(3)(A)-(B). In this case, ATF's deadline expired no later than September 28, 2022, without the government doing any of those things.

Because the government missed the 90-day deadline, CAFRA prohibits any further litigation over the property—in civil or criminal proceedings—and both CAFRA and Attorney General regulations require the government to "promptly" return the property. *Id.*; *see also* 28 C.F.R. § 8.13(b). This Court should order that remedy without delay, for the reasons set forth below.

This Motion is made based on the Memorandum of Points and Authorities, exhibits, Declaration of Movant Daniel Arroyo, Fed. R. Crim. P. 41(g), and any oral argument this Court orders.

DATED this 21th day December, 2022.

**MAYESTELLES PLLC**

By: */s/ Edward G. Hamel*
   J. Blake Mayes
   Edward G. Hamel
   *Attorneys for Movant*

## Memorandum of Points and Authorities

Daniel R. M. Arroyo hereby moves this Court for an order under Federal Rule of Criminal Procedure 41(g) directing the Respondents U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, United States of America, Director Steven M. Dettelbach and Special Agent Patrick Sean Sander to return the two (2) Browning Firearms seized on April 19, 2022 in Peoria, Arizona. In the alternative, Movant requests an order to the same effect, based on this Court's equitable powers.  Movant also requests all further relief in law or equity to which he may show himself entitled.

### I.      Facts and Procedural History

Movant Daniel R. M. Arroyo is a United States Citizen, a Navy Veteran, and a resident of Maricopa County Arizona. (*See* Exhibit 1, Decl. of Daniel R. M. Arroyo in support of Rule 41(g) Motion for Return of Property.) ¶ 1 He is a business owner and the collector of firearms. *Id.* at ¶ 3-4.  Mr. Arroyo is a law-abiding citizen and has never been convicted of any offense that would prohibit his lawful possession of firearms. *Id* at ¶ 4. Nor is Mr. Arroyo subject of any of the other statutory disqualifiers as to his right to possess firearms. *Id.*

Consistent with Mr. Arroyo's legitimate collectors' interest, in the spring of his year, he traveled to the State of Wisconsin in contemplation of purchase of a rare and collectable firearm that he learned was being offered for sale by an individual there. *Id* at ¶ 5. On approximately March 26, 2022, Mr. Arroyo met with a Mr. Ken Chinander and stuck a private deal for the purchase of the two Browning firearms that are the subject of this Motion. *Id.*

In full compliance with the federal law, Wisconsin law and Arizona law, Mr. Arroyo arranged with the Patriots Den, a federally licensed firearms dealer (FFL) in Wisconsin, to ship the firearms to Peoria Pawn, a FFL in Arizona, Mr. Arroyo's state of residence. *Id* at ¶ 7.  Mr. Arroyo has utilized Peoria Pawn for similar lawful firearms transfers in the past. *Id* at ¶ 8.

For reasons unknown to Mr. Arroyo, Special Agent (S/A) Sander seized the subject two Browning firearms, directly from Peoria Pawn, prior to transfer to Mr. Arroyo. *Id* at ¶ 9-11.  Initially Mr. Arroyo felt that the seizure was a mistake and attempted to communicate with S/A Sander. *Id* at ¶ 10-11. However, Mr. Arroyo soon became questioning of Special Agent Sander's motivation and candor, electing to communicate with S/A Sander through counsel. *Id.*  S/A Sander failed to return multiple phone calls to undersigned counsel.

Eventually, Mr. Arroyo received the "Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings" (concerning the subject Browning Firearms) from ATF dated May 31, 2022. (*See* Exhibit 2).  The notice indicated that Mr. Arroyo was required to respond by July 5, 2022. *Id.* Following instructions on the notice, Mr. Arroyo, thru counsel, electronically filed the appropriate claim documents on June 30, 2022. (*See* Exhibit 3, Claim form and Exhibit 4, Your Claim Had Been Filed). The ATF Asset Forfeiture and Seized Property Division acknowledged receipt of Mr. Arroyo's June 30, 2022 claim in a letter dated July 6, 2022.[1] (*See* Exhibit 5).

On October 31, 2022, counsel for Mr. Arroyo emailed the contact address listed in the claim acknowledgement form and received the response "*Thank you for your continued patience. We have reached out to the field for an update, and will let you know what we hear shortly.*" (*See* Exhibit 6).  Having received no response, on November 3, 2022, counsel again inquired, and ATF indicated "*This case is still under review at this moment. Once a decision is made, you will receive a written correspondence from the Department of Justice.*" *Id.* Counsel response of "*The law provides for the Government to file a complaint within 90 days after a claim has been filed or the Government must "promptly return" the property. The subject claim was filed on June 30, 2022. Nothing indicates that the Government has filed a complaint. If that is not the case, please properly serve the complaint and provide us a copy. Otherwise, we demand the prompt return of the property*

---

[1] Among other things, the letter stated that "A claim is deemed filed on the date received by the agency at the address listed above."

4

*to the claimant, as the law requires."* went unanswered. *Id.*

Since that time, neither Mr. Arroyo nor counsel has received any further communications from ATF. A search of publicly available recourses does not indicate the government has filed seeking forfeiture of the property, to extend time to seek forfeiture, or has initiated a criminal case. There do not appear to be any such filing in this District, where the seizure occurred. This motion follows.

**II.     Argument**

CAFRA sets a strict 90-day deadline on the government to pursue a forfeiture complaint or criminal proceeding after receiving a claim to property. *See* 18 U.S.C. § 983(a)(3)(A)-(B). If the government fails to comply with that deadline, it must promptly return the property and is forbidden from seeking to forfeit the property in the future. *Id.* § 983(a)(3)(B). The government here exceeded its 90-day deadline, which expired no later than September 28, 2022, and it is thus required to return Mr. Arroyo's property.

Longstanding Ninth Circuit precedent makes clear that a motion under Rule of Criminal Procedure 41(g) is the appropriate mechanism for individuals in Mr. Arroyo's position to secure the return of property after the limitations period has expired for the government to pursue forfeiture of property it has seized. The Court should grant this motion and order the government to promptly return Mr. Arroyo's property to him.

**A. The Government Violated the Statutory Deadlines Set by CAFRA and is Therefore Required to Return Mr. Arroyo's Property.**

The Civil Asset Forfeiture Act of 2000 (CAFRA) was enacted to implement several reforms intended to prevent the abuse of the asset forfeiture laws by government agents. Amongst the most important of these reforms was the establishment of strict, mandatory deadlines for the government to initiate forfeiture cases. *See* 18 U.S.C. § 983(a).

Under CAFRA, the government has 60 days after seizing property to send written notice to interested parties in a case. *Id.* Once formal notice is sent, claimants too have a strict time frame under which to file a claim identifying the specific property and stating

their legal interest in such. 18 U.S.C § 983(a)(2).  The government then has 90 days from the date the claim is received by the seizing agency in which to either return the property, file a civil forfeiture complaint, or obtain a criminal indictment that includes an allegation that the property is subject to forfeiture. *Id.* § 983(a)(3)(A)-(B).

The 90-day deadline "was considered by the sponsors of CAFRA to be one of its most important reforms." *See* Stefan D. Cassella, Asset Forfeiture Law in the United States § 7-4(a) (2d ed 2013) (citing H.R. Rep No. 106-192 (1999)). Congressional intent was crystal clear on the consequences of the government missing the deadline: [1] "the Government *shall* promptly release the property pursuant to regulations promulgated by the Attorney General, and [2] *may not* take any further action to effect the civil forfeiture of such property in connection with the underlying offense." 18 U.S.C § 983(a)(3)(B) (emphasis added).

Under the first of these provisions, once the 90-day deadline has elapsed, the Attorney General required that a seizing agency "shall promptly notify the person with a right to immediate possession of the property, informing that person to contact the property custodian within a specified period for release of the property." 28 C.F.R § 8.13(b).  Under the second provision, the expiration of the deadline means that "the civil forfeiture of the property in connection with the particular underlying offense is forever barred." *United States v. Real Property Located at 475 Martin Lane,* 545 F.3d 1134, 1141 (9th Cir. 2008).

In this case, the government failed to comply with CAFRA's 90-day deadline. Mr. Arroyo received the Notice of Seizure dated May 31, 2022.  The notice indicated that Mr. Arroyo was required to respond by July 5, 2022.  Mr. Arroyo promptly complied and, following instructions on the notice, Mr. Arroyo, thru counsel, electronically filed the appropriate claim documents on June 30, 2022.  Mr. Arroyo received confirmation of the receipt his June 30, 2022 claim to the subject property. Given that ATF received Mr. Arroyo's claim on June 30, 2022, its 90-day deadline to file a forfeiture complaint or return

the money expired no later than September 28, 2022. *See* 18 U.S.C. § 983(a)(3)(A). Nearly 3 months later, ATF still has not done either.

Nor did the government do any of the things that CAFRA required a seizing agency to do to extend the deadline. It did *not* "obtain a criminal indictment containing an allegation that the property is subject to forfeiture." 18 U.S.C. § 983(a)(3)(B)(ii)(I). It did *not* "take the steps necessary to preserve its right to maintain custody oof the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B)(ii)(II). It did *not* return to property to Mr. Arroyo "pending the filing of a complaint. *See* 18 U.S.C. § 983(a)(3)(A). It did not obtain an extension by "agreement of the parties." *Id.* Nor did the government (to the best of claimant's knowledge) move this Court to "extend the period for filing a complaint for good cause shown." *Id.* Now that the 90-day window has closed, the government cannot do any of these things. 18 U.S.C. § 983(a)(3)(A)-(B).

The remedy for the government's failure to commence federal court proceedings is plainly spelled out in CAFRA: "[T]he Government shall promptly release the property." 18 U.S.C. § 983(a)(3)(B). Accordingly, movant requests that this Court grant this motion without delay.

**B.  A Motion Under Rule 41 (g) is the Appropriate Means to Compel the Government to Return Mr. Arroyo's Money.**

A motion under Federal Rule of Criminal Procedure 41(g) is the appropriate means for seeking return of property when the government fails to commence a forfeiture proceeding in a timely manner. The rule provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Such a motion "must be filed in the district where the property was seized" *Id.*

The 9th Circuit has held that the Rule 41 (g) gives property owners an equitable remedy when the government fails to initiate civil forfeiture proceedings. *Omidi v. United States,* 851 F.3d 859, 862-62 (9th Cir. 2017) (explaining that Rule 41(g) is the appropriate

7

vehicle to seek return of property when no criminal case has been filed); *United States v. Ibrahim,* 522 F.3d 1003, 1007 (9th Cir. 2008) (explaining a Rule 41(g) motion is a proper vehicle to challenge invalid forfeiture).

In Rule 41(g) cases brought outside a criminal proceeding, such as this matter, the motion is "treated…as a civil complaint governed by the Federal Rules of Civil Procedure." *Ibrahim,* 522 F.3d at 1007. "[T]he motion is treated as a petition for civil equitable relief." *Omidi,* 851 F.3d at 863 (citing *United States v Comprehensive Drug Testing, Inc.,* 621 F.3d 1162, 1172-74 (9th Cir. 2010) (en banc) (per curiam)); *accord United States v. Martinson,* 809 F.2d 1364, 1355-67 (9th Cir 1987).

In the present matter, the limitations period has expired, and therefore the government cannot initiate forfeiture proceedings. As a result, Mr. Arroyo has no other mean of seeking the return of his property other than Rule 41(g) – he cannot prevail in forfeiture proceedings that will never commence. This motion is therefore the most appropriate vehicle to received judicial relief for the government's continued seizure of Mr. Arroyo's property past the expiration of the CAFRA limitations period.

## II.     Conclusion

Based upon the foregoing, Mr. Arroyo respectfully requests that the Court order the immediate return of his seized property.

DATED this 21th day of December, 2022.

**MAYESTELLES PLLC**

By: */s/ Edward G. Hamel*
    J. Blake Mayes
    Edward G. Hamel
    *Attorneys for Movant*

MAYESTELLES PLLC
3636 NORTH CENTRAL AVENUE, SUITE 1000
PHOENIX, ARIZONA 85012-1927