GARY M. RESTAINO
United States Attorney
District of Arizona

COLEEN SCHOCH
Georgia State Bar No. 366545
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: coleen.schoch@usdoj.gov
*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel R. M. Arroyo,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, et al.,<br><br>Defendants. | No. CV-22-02164-PHX-JAT<br><br>**MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) OR TO STAY PROCEEDINGS** |

Defendants U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, the United States of America, Steven M. Dettelbach, Director U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, in his official capacity, and Patrick Sean Sander, Special Agent, in his official capacity (collectively, Defendants), respectfully move the Court to dismiss this civil action without prejudice for lack of jurisdiction and failure to state a claim under Rules 12(b)(1) and (b)(6). All the equities weigh against the Court taking the extraordinary step of exercising equitable jurisdiction to decide whether, when, and to whom the rifles should be returned while a criminal investigation is ongoing. Plaintiff's motion is premature, he has another remedy, and he has not identified any irreparable injury that will occur if the Court does not accept jurisdiction now. In addition, the United States has not violated CAFRA and remains able to file a timely civil forfeiture action on the seized rifles.

In the alternative, if the Court assumes jurisdiction over this action, Defendants ask the Court to stay this matter pending the outcome of a civil forfeiture action against the rifles and/or a criminal proceeding against Plaintiff for reasons of judicial economy and to prevent potentially conflicting findings in multiple proceedings. This motion is supported by the accompanying Memorandum of Points and Authorities and all matters of record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

ATF seized two firearms from the Peoria Pawn Shop in Peoria, Arizona, on April 19, 2022. At the time of the seizure, Peoria Pawn was a federally licensed firearms dealer (FFL). The firearms are: (1) a Browning 1919A6 Rifle, .30 caliber, Serial Number 958501; and (2) a Browning M-2 Rifle, .50 caliber, Serial Number 332569. Compl., Doc. 1, Ex. 2 at 3 (Notice of Seizure). The value of the Browning 1919A6 is approximately $7,500, and the value of the Browning M-2 is approximately $24,000. These rifles use large-caliber ammunition and are desired by Mexican cartels members.

Following the seizure, ATF began an administrative forfeiture proceeding. It provided Plaintiff with a notice of the seizure and of the initiation of administrative forfeiture proceedings on May 31, 2022. Compl., Ex. 2 at 1 (Notice of Seizure). ATF explained that the rifles were being forfeited pursuant to 18 U.S.C. § 924(d) and 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R. Parts Band 9. Compl. Ex. 2 at 2. Plaintiff submitted a Claim Form for both rifles asserting that he had purchased the rifles "from an out-of-state seller" and that the rifles had been shipped from an "out-of-state" FFL to an Arizona FFL. Compl., Ex. 3 at 3 (Claim Form). Plaintiff agreed that ATF had seized the firearms from the Arizona FFL before the Arizona FFL had transferred the firearms to him. Compl., Ex. 3 at 3.

After receiving Plaintiff's claim, ATF referred the issue of forfeiture to the U.S. Attorney's Office. Pursuant to the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202 (2000) (CAFRA), the United States received an ex parte under seal order extending its deadline to file a civil forfeiture proceeding to April 28, 2023.

1  Plaintiff filed this action on December 21, 2022. He moved under Rule of Criminal Procedure 41(g) asking the Court to issue an order requiring Defendants "to return" the two rifles. Compl. 3. Plaintiff does not specify to whom the rifles should be returned. In support of his motion, Plaintiff admits that he paid Ken Chinander, a Wisconsin resident, for the two firearms. Compl., Ex. 1 para. 5-6 (Pl. Decl.). He admits that Chinander transferred the rifles to Patriots Den, an FFL in Wisconsin, which transferred the firearms to Peoria Pawn, an FFL in Arizona. Compl., Ex. 1 para. 7-8. ATF seized the rifles from Peoria Pawn. Compl., Ex. 1 para. 9.

ATF and the U.S. Attorney's Office for the District of Arizona are conducting an ongoing criminal investigation of Plaintiff for violations of the Gun Control Act and other Title 18 offenses. Undersigned counsel is responsible for that investigation and is able to make an in-camera proffer to the Court if necessary.

## II.   LEGAL STANDARD

### A.  Civil Action Under the Court's Equitable Powers

Plaintiff filed a Fed. R. Crim. P. 41(g) motion as a civil action. *See* Compl. at 10. Because no criminal proceedings are currently pending, the Court should treat this motion as a civil proceeding brought under the Court's equitable powers. While a motion for return of seized property typically must be brought under Rule 41(g), this requires the pendency of a criminal proceeding. If no criminal proceeding is pending, district courts still "have the power to entertain motions to return property seized by the government." *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) (citing *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993)). In that situation, the motion is properly treated as a civil complaint and is governed by the Federal Rules of Civil Procedure. *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008).

Such motions "are treated as civil equitable proceedings, and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." *Kama*, 394 F.3d at 1238 (quoting *Ramsden*, 2 F.3d at 324). The court should not exercise jurisdiction over the motion, let alone grant relief, unless "the balance of equities tilts in favor of reaching

the merits." *Ramsden*, 2 F.3d at 326. In reviewing pre-indictment claims for the return of property, "the district court must consider whether: (1) 'the Government displayed callous disregard for the constitutional rights of the movant'; (2) 'the movant has an individual interest in and need for the property he wants returned'; (3) 'the movant would be irreparably injured by denying return of the property'; and (4) 'the movant has an adequate remedy at law for the redress of his grievance.'" *Kama*, 394 F.3d at 1238 (quoting *Ramsden*, 2 F.2d at 324-25). "In ruling on the motion, the court must take into account all equitable considerations." *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987).

### B. Standard of Review for Motion under Rule of Criminal Procedure 41(g)

The party seeking to obtain return of property bears the burden of demonstrating, by a preponderance of the evidence, the right to possession. However, following the conclusion of judicial proceedings, if the property is no longer needed for evidentiary purposes, the claimant is presumed to have a right to the property's return, and the burden of proof shifts to the government to show a legitimate reason for retaining the property that is reasonable under all the circumstances. *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014); *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999). A motion is "properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues.'" *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (quoting *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)).

### C. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a Defendant may move to dismiss an action for lack of subject matter jurisdiction. On such a motion, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court is not restricted to the face of the pleadings. It may review evidence, such as affidavits and testimony, that present facts regarding the existence of jurisdiction. *See, e.g., Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947) ("[W]hen a question

of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist."); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983) (considering material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment).

### D. Rule 12(b)(6)

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief may be granted. When considering such a motion, all allegations in the complaint are viewed in the light most favorable to the non-moving party and all material allegations are accepted as true. *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1101 (9th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. ARGUMENT

The Court should dismiss this civil action for lack of jurisdiction and failure to state a claim under Rules 12(b)(1) and (b)(6). If the Court accepts jurisdiction, Defendants ask the Court to stay this matter pending the outcome of a civil forfeiture action and/or criminal proceedings against Plaintiff.

### A. The Court Should Decline to Exercise its Equitable Jurisdiction

The Court should decline to exercise its equitable jurisdiction over this action. A district court must exercise "caution and restraint" before accepting equitable jurisdiction. *Ramsden*, 2 F.3d at 324. It should not exercise jurisdiction over the motion, let alone grant relief, unless "the balance of equities tilts in favor of reaching the merits." *Id.* at 326. The Ninth Circuit has set forth a four-pronged analysis to aid the court in its analysis. Here, all four prongs weigh against the Court exercising its jurisdiction and reaching the merits of whether, when, and to whom the rifles should be returned in this civil proceeding.

In reviewing pre-indictment claims for the return of property, "the district court must consider whether: (1) 'the Government displayed callous disregard for the constitutional rights of the movant'; (2) 'the movant has an individual interest in and need for the property he wants returned'; (3) 'the movant would be irreparably injured by denying return of the property'; and (4) 'the movant has an adequate remedy at law for the redress of his grievance.'" *Kama*, 394 F.3d at 1238 (quoting *Ramsden*, 2 F.2d at 324-25). "In ruling on the motion, the court must take into account all equitable considerations." *Martinson*, 809 F.2d at 1367.

All four factors weight in favor of the Court declining to exercise equitable jurisdiction over this matter. First, Plaintiff has not asserted that the Government displayed a "callous disregard" for his constitutional rights. ATF seized from an FFL two large-caliber rifles that Plaintiff had ordered from another state. Compl., Ex. 1 para. 5-8. Those rifles had not yet been legally transferred to Plaintiff. Compl., Ex. 1 para. 5-8. ATF then sought to administratively forfeit the rifles under 18 U.S.C. § 924(d)[1], 19 U.S.C. §§ 1602-

---

[1] Section 922(d)(1) provides:

> Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(l), or knowing violation of section 924, 932, or 933, or willful violation of any other provision of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, or any firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture, and all provisions of the Internal Revenue Code of 1986 relating to the seizure, forfeiture, and disposition of firearms, as defined in section 5845(a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter[.]

1619, 18 U.S.C. § 983 and 28 C.F.R. Parts B and 9. Compl. Ex. 2 at 2 (Notice of Seizure). Plaintiff does not allege any impropriety in that administrative forfeiture proceeding. *See* Compl. Plaintiff has no constitutional right to receive, possess, or sell firearms "involved in," "used in," or "intended to be used in" a violation of the Gun Control Act. When Plaintiff filed a claim to the rifles, ATF turned the forfeiture over the U.S. Attorney's Office, which has followed the requirements of CAFRA and preserved the United States' ability to seek civil forfeiture of the rifles. In addition, if criminal proceedings are instituted against Plaintiff, the firearms may also be criminally forfeitable pursuant to 18 United States Code, Sections 924(d) and 981, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), upon a conviction of certain offenses.

With respect to the second prong, Plaintiff has not precisely articulated his legal interest in the rifles, nor has he articulated any need to have the rifles back immediately. Plaintiff asserts that he "purchased" the rifles from an individual in Wisconsin, that "the firearms were arranged" to be "delivered" to a Wisconsin FFL and were "shipped" to an Arizona FFL "for transfer to [Plaintiff]." Compl., Ex. 1 para. 7-8 (Pl. Decl.). Plaintiff does not assert that he purchased the firearms for himself or with his own funds. He also admits that the FFL had not transferred the rifles to him. The Gun Control Act requires that prior to any firearms transfer, Plaintiff complete a truthful ATF Form 4473 and be qualified to

---

It further provides:

> That upon acquittal of the owner or possessor, or dismissal of the charges against him other than upon motion of the Government prior to trial, or lapse of or court termination of the restraining order to which he is subject, the seized or relinquished firearms or ammunition shall be returned forthwith to the owner or possessor or to a person delegated by the owner or possessor unless the return of the firearms or ammunition would place the owner or possessor or his delegate in violation of law. Any action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure.

receive the rifles. In addition, while Plaintiff asserts that he "collect[s] firearms as a hobby," he notably does not assert that he purchased these two rifles for his personal collection. Compl., Ex. 1 para. 3. Plaintiff does not claim to have any urgent need for the rifles.

Third and fourth, Plaintiff articulates no irreparable injury. These rifles are not perishable goods or personal in nature. They were never transferred to him. They will not dissipate or lose value because ATF has custody of them. Plaintiff also "has an adequate remedy at law for the redress of his grievance.'" If a civil forfeiture proceeding is filed, Plaintiff can assert his claims in that proceeding. If Plaintiff is criminally charged, his claims will be cognizable in that proceeding. *See United States v. A Bldg. Housing a Business Known as Mach. Products Co., Inc.*, 139 F.R.D. 111, 119 (W.D. Wis. 1990) (citations omitted) (denying motion "without prejudice to its renewal in appropriate circumstances").

For all these reasons, the Court should not take the extraordinary step of exercising equitable jurisdiction and deciding whether, when, and to whom the rifles should be returned while a criminal investigation is ongoing. Plaintiff's motion is premature, he has another remedy, and he has not identified any irreparable injury that will occur if the Court does not accept jurisdiction. The four prongs as well as all the equities weigh in favor of the Court dismissing this action without prejudice for lack of jurisdiction.

### B. Dismissal of Improperly Named Defendants

Defendants move to dismiss the following defendants from this action as improperly named in this action: (1) U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives; (2) Steven M. Dettelbach, Director U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, in his official capacity; and (3) Patrick Sean Sander, Special Agent, in his official capacity.

Defendants' position is that the United States is the proper defendant in this matter, should the Court accept jurisdiction. Plaintiff has not pled any basis of jurisdiction against the individual agent. ATF has referred the matter of forfeiture to the United States. The only remedy available under Rule 41(g) is an order the return of the property that is still in

the government's possession. *Peloro v. United States*, 488 F.3d 163, 177 (3d Cir. 2007) (Rule 41(g) "provides for one specific remedy—the return of property"); *United States v. Bein*, 214 F.3d 408, 415 (3d Cir. 2000) (same). Finally, the United States is the party that would seek forfeiture in a civil forfeiture action and bring criminal proceedings.

### C. Defendants Did Not Violate CAFRA

In the alternative, the Court should dismiss this action under Rule 12(b)(6) for failure to state a claim because Defendants have not violated CAFRA. After Plaintiff submitted a claim to ATF for the rifles in the administrative forfeiture proceeding, ATF referred the issue of forfeiture to the U.S. Attorney's Office. The United States obtained an ex parte order extending its deadline to file a civil forfeiture complaint for these rifles to April 28, 2023. Undersigned counsel is available to make an in-camera disclosure regarding those filings should the Court find it necessary.

### D. If the Court Does Not Dismiss this Action, it Should Stay All Proceedings

In the alternative, if the Court accepts jurisdiction, Defendants request that it stay all proceedings pending the outcome of a civil forfeiture action and the criminal investigation into Plaintiff in the District of Arizona. Rule 41(g) provides no timeframe for when a "Motion to Return Property" must be heard or decided by the Court. In addition, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). Particularly in the context presented here—an equitable action—district courts have wide discretion to stay proceedings. Here, a stay will prevent duplicative or fruitless litigation regarding the ownership and disposition of the rifles. It will preserve judicial and government resources and prevent potentially conflicting findings in multiple proceedings.

Because the motion for return of property is an equitable matter, courts can and should exercise discretion to stay such cases pending the resolution of related issues in a pending criminal case. "[U]nder some circumstances, prudential considerations may militate in favor of deferring decision on a Rule 41(e) [now 41(g)] motion until after an

indictment has issued." *United States v. Premises Known as 25 Coligni Ave., New Rochelle, N.Y.*, 120 F.R.D. 465, 468 (S.D.N.Y. 1988); *see also United States v. Douleh*, 220 F.R.D. 391, 397 (W.D.N.Y. 2003) (holding that Rule 41(g) motion should be denied because defendant's "unlawful seizure claim" would be cognizable in criminal proceedings); *In re Grand Jury Proceedings Involving Berkley and Co., Inc.*, 466 F. Supp. 863 (D. Minn. 1979) (quoting Rule 41, Advisory Comm. Notes) (noting that the Advisory Committee Notes to Rule 41 provide that the preference should be "to have all pretrial motions disposed of in a single court appearance before the [criminal] trial court" and noting that an out-of-state court (where the property was seized) had rightfully deferred its proceedings pending the criminal proceedings); *Donlon v. United States*, 331 F. Supp. 979 (D. Del. 1979) (holding that court may refuse to hear motion to return property on the merits, to await related potential litigation in criminal proceedings, even where no indictment is pending).

Courts have exercised power to stay civil proceedings to protect pending criminal proceedings, both at the request of the government or of criminal defendants. *See, e.g.*, *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (collecting cases); *Rad Servs. Inc. v. Aetna Casualty & Sur. Co.*, 808 F.2d 271, 279 n.3 (3d Cir. 1986). "It is well established that a litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit to avoid the restrictions on criminal discovery and, thereby, obtain documents [and testimony] he might not otherwise be entitled to for use in his personal criminal suit." *Founding Church of Scientology v. Kelley*, 77 F.R.D. 378, 380 (D.D.C. 1977). The government has a strong interest in not having a criminal defendant make use of civil discovery procedures during the pendency of a criminal investigation. Perhaps more importantly, Plaintiff could face significant Fifth Amendment concerns if forced to proceed in a parallel civil action during the pendency of a criminal prosecution. Furthermore, if the Court were to order return of the firearm during the pendency of the criminal proceedings, it would undoubtedly interfere with those proceedings.

Interests of judicial economy thus weigh strongly in favor of a stay. *See Account Servs. Corp. v. United States*, 2009 WL 2755649 (S.D. Cal. 2009) ("for this court to

exercise jurisdiction over the motion, which deals with similar substantive issues present in the New York criminal proceedings, would certainly duplicate judicial resources and risk contrary decisions regarding the property"). Were this Court to accept jurisdiction over Plaintiff's complaint, it would have to hear presentations about the merits of the seizure and forfeiture. This would overlap with proceedings in a potential civil forfeiture proceeding. It would also overlap with any criminal proceeding. Multiple courts will be tasked with resolving identical legal questions, based on the same set of facts, at the same time. For this court to exercise jurisdiction over the motion, which will address similar substantive issues in an upcoming civil forfeiture or criminal proceeding "would certainly duplicate judicial resources and risk contrary decisions regarding the property." *Account Servs. Corp.*, 2009 WL 2755649 at *4. Stay of a civil proceeding is also particularly appropriate where, as here, "resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case." *United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976) (noting that "the similarity of the issues left open the possibility that Meissner might improperly exploit civil discovery for the advancement of his criminal case"). If the Court does not dismiss this action in its entirety, Defendants request that it stay all proceedings pending the outcome of a civil forfeiture proceeding and the criminal investigation in the District of Arizona.

## CONCLUSION

For these reasons, Defendants respectfully request this Court dismiss the Petition under Rule 12(b)(1) and 12(b)(6) or, in the alternative, stay all proceedings pending the outcome of related civil and criminal litigation.

Respectfully submitted this 29th day of March, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/ Coleen Schoch*
> COLEEN SCHOCH
> Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

*Edward Grant Hamel and J Blake Mayes, Attorneys for plaintiff*

<u>s/ C. Schoch</u>
U.S. Attorney's Office