WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel R M Arroyo,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States Bureau of Alcohol, Tobacco, Firearms and Explosives, et al.,<br><br>　　　　　Defendants. | No. CV-22-02164-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Claimant Daniel Arroyo's ("Claimant") Motion to Consolidate Cases. (Doc. 16). Defendants U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), United States of America ("United States"), Steven Dettelbach, and Patrick Sander (collectively, "Defendants") have not filed a response. The Court now rules.[1]

**I.    BACKGROUND**

In December 2022, Claimant filed a Fed. R. Crim. P. 41(g) ("Rule 41(g)") motion to gain possession of two seized "Browning Firearms" which Claimant alleges he owns. (Doc. 1 at 1). Claimant alleges that he is a collector of firearms who traveled to Wisconsin to purchase collectible firearms. (*Id.* at 3). He made a deal with the Patriots Den, a federally licensed firearms dealer in Wisconsin, to purchase and transfer the two firearms in question to Peoria Pawn, a federally licensed firearms dealer in Peoria, Arizona. (*Id.*). Claimant asserts that the arrangement was fully lawful. (*Id.*).

---

[1] Also pending before the Court is Defendants' Motion to Dismiss or Stay, (Doc. 11).

On April 19, 2022, and before Claimant received possession of the firearms, ATF Special Agent Patrick Sander seized the two firearms from Peoria Pawn. (Doc. 1 at 4). Claimant later received a Notice of Seizure of Property and Initiation of Administrative Proceedings concerning the two firearms, dated May 31, 2022. (*Id.*). Claimant filed "the appropriate claim documents" to attempt to gain possession of the firearms on June 30, 2022. (*Id.*). Defendants allege that after Claimant filed the appropriate claim, ATF referred the forfeiture issue to the U.S. Attorney's Office. (Doc. 11 at 2).[2] Over the course of the next several months, Claimant's counsel contacted ATF twice and both times received responses indicating that the case was still under review. (Doc. 1 at 4–5). As of the filing of Claimant's Rule 41(g) motion, Claimant had received no further communications from ATF, no forfeiture actions had been filed, and no criminal proceedings had been initiated. (*Id.* at 5).

In July 2023, the United States initiated civil forfeiture proceedings against the two firearms in a case currently pending before Chief Judge G. Murray Snow in the District of Arizona, Case No. CV 23-01499-GMS. In response, Claimant filed a motion to dismiss (which was withdrawn), a claim, and a motion to consolidate in both cases.

**II.    LEGAL STANDARD**

This Motion is governed by Federal Rule of Civil Procedure 42(a), which permits a court to consolidate actions if the actions "involve a common question of law or fact." District courts have broad discretion when considering motions to consolidate. *Invs. Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F. 2d 777, 777 (9th Cir. 1989). Courts "balance the interest of judicial convenience against the potential for delay, confusion, and prejudice that may result from such consolidation." *Dishon v. Gorham*, No. CV-16-04069-PHX-ROS, 2018 WL 4257936, at *5 (D. Ariz. Sept. 6, 2018) (internal quotation omitted).

---

[2] At this time, the Court utilizes this fact for the limited purpose of determining jurisdiction over proper defendants. The Court may consider it for this limited purpose even though it is not part of Claimant's Complaint. *See generally St. Clair v. City of Chico*, 880 F. 2d 199, 210 (9th Cir. 1989) (citing *Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F. 2d 730, 733 (9th Cir. 1979)) (explaining that the Court may consider extra-pleading material to evaluate subject matter jurisdiction).

The Local Rules provide that when a party files a motion to consolidate, "[t]he motion will be heard and decided, after consulting with the Judges assigned to the other affected cases, in the case with the lowest case number that is assigned to a District Judge." L.R. Civ. 42.1(b). When a motion to consolidate is granted, the Local Rules delineate the following factors to consider in determining the judge to whom to assign the consolidated case: "(1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy." L.R. Civ. 42.1(d)

## III.   DISCUSSION

### a.   Proper Defendant

The Court first notes that Defendants have moved to dismiss all defendants except the United States of America arguing that they are improperly named. (Doc. 11 at 8-9). Rule 41(g) provides for "one specific remedy—the return of property." *United States v. Bein*, 214 F. 3d 408, 415 (3d Cir. 2000); *see also* Fed. R. Crim. P. 41(g) ("[I]f [the court] grants the motion, the court must return the property to the movant"). Thus, the only proper defendant(s) in the present action are those who are in the position to provide this one remedy.[3] In this case, the matter of forfeiture has been referred to the United States, and thus the United States is the only party from whom Claimant may seek Rule 41(g)'s remedy.[4] As such, the Court finds it appropriate to dismiss all defendants but the United States.

### b.   Motion to Consolidate

In his Motion, Claimant argues that consolidation is appropriate here because both cases "involve claims to the same property," "are related causes of action between [Claimant] and the United States government," and "arise from the same set of facts." (Doc. 16 at 1–2). The United States, and all other defendants, for that matter, did not file any

---

[3] *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (discussing requirements for an Article III case or controversy).

[4] This finding also comports with the parties to the case pending before Chief Judge Snow, as the only party initiating civil forfeiture proceedings is the United States.

response opposing the Motion. The Court agrees with Claimant that consolidation is appropriate here. Consolidating the cases "will save the parties and this Court the time and expense of duplicate filings, disclosures, [and] discovery requests." *Murray v. Arizona*, No. CV-22-00360-TUC-RM, 2023 WL 2503723, at *1 (D. Ariz. Mar. 14, 2023). Additionally, the Court has found that consolidation would not prejudice the parties in any meaningful way—both cases are pending in the District of Arizona, neither case has progressed past the Motion to Dismiss stage, and the issues involved in each case are virtually identical. As such, consolidation is appropriate.

The Court further finds it most appropriate for the undersigned to retain the consolidated case for various reasons. Importantly, the undersigned is the judge with the lowest case number assigned to him. Regarding the first factor from the Local Rules, no substantive matters have been decided in either of the two cases. As such, neither judge has yet developed a stronger familiarity with the case, so the second factor is neutral. The third factor is also neutral because neither case stands out as the "lead or principal" case; one case is Claimant's attempt to claim property, and the other is the United States attempting to forfeit the same property. For these reasons, the Court has determined that the undersigned will retain the consolidated cases.

**IV.   CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Claimant's Motion to Consolidate Cases (Doc. 16) is **GRANTED** and Case No. CV 23-01499-PHX-GMS is consolidated into Case No. CV 22-02164-PHX-JAT, and that all further pleadings and papers shall be docketed in CV 22-02164-PHX-JAT.

**IT IS FURTHER ORDERED** that Defendants Motion to Dismiss, (part of Doc. 11 in CV 22-2164), the following defendants: (1) U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, (2) Steven M. Dettelbach, Director U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, in his official capacity; and (3) Patrick Sean Sander, Special Agent, in his official capacity, is **GRANTED**.

**IT IS FURTHER ORDERED** that the portion of Doc. 11 in CV 22-2164 seeking dismissal or to stay of this case remains pending.

**IT IS FURTHER ORDERED** that within 7 days of the date of this Order, the parties must file a status report regarding whether the remaining portions of Doc. 11 can be ruled on as filed given the status of this case, whether CV 23-1499 should be removed from the expedited track and put on the standard track (including vacating the scheduling order at Doc. 3), and any other information on how the parties seek to administer these consolidated cases.

Dated this 8th day of November, 2023.

James A. Teilborg
Senior United States District Judge